UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLES LUNG                                                   PLAINTIFF

V.                                         CIVIL ACTION NO. 3:17-CV-954-DPJ-JCG

CITY OF JACKSON, ET AL.                                DEFENDANTS

ORDER

This civil-rights action is before the Court on Motions for Summary Judgment filed by Defendants the City of Jackson ("the City") [26]; Lee Vance [28]; and Terri Thomas [30] (collectively "Defendants"). Plaintiff Charles Lung responded in opposition. For the following reasons, Thomas's motion is granted as to Lung's official-capacity claim but is otherwise denied due to questions of fact. The City and Vance's motions are granted as unopposed.

I.      Facts and Procedural History

Charles Lung says his constitutional rights were violated when Officer Thomas shot him three times on November 6, 2016. That day, Lung was smoking crack cocaine in his car while nude. When Jackson Police Department officers approached, Lung led them on a short, low-speed chase before stopping his car. The officers then attempted to block Lung with their patrol cars while several officers surrounded his car on foot. From here, the stories diverge. Lung says he put his car in park and was making no attempt to flee when Defendant Thomas shot him three times through the front windshield. Thomas says instead that he shot in self-defense when Lung accelerated toward him.

Lung filed his complaint against Defendants under 42 U.S.C. § 1983 alleging that they violated his Fourth Amendment right to be free from the use of excessive force. The parties now agree that Lung's § 1983 claims against the City, Vance, and the individual defendants sued in

their official capacities must be dismissed under Federal Rule of Civil Procedure 56. They will be. So the only remaining dispute is whether the individual-capacity claim against Defendant Thomas should be dismissed based on qualified immunity.

II.     Summary Judgment Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.    Analysis

Officer Thomas says he is entitled to qualified immunity on Lung's excessive-force claim against him in his individual capacity. As the Fifth Circuit summarized:

> [T]he doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal. This immunity protects all but the plainly incompetent or those who knowingly violate the law. Accordingly, we do not deny immunity unless existing precedent must have placed the statutory or constitutional question beyond debate. The basic steps of this court's qualified-immunity inquiry are well-known: a plaintiff seeking to defeat qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.

*Anderson v. Valdez*, 845 F.3d 580, 599–600 (5th Cir. 2016) (citation and quotation marks omitted, punctuation altered).

"If the defendant's conduct did not violate [the] plaintiff's constitutional rights under the first prong, . . . he is entitled to qualified immunity." *Blackwell v. Laque,* No. 07-30184, 2008 WL 1848119, at *2 (5th Cir. Apr. 24, 2008). But if it did, "the court then asks whether qualified immunity is still appropriate because the defendant's actions were 'objectively reasonable' in light of 'law which was clearly established at the time of the disputed action.'" *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (quoting *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004)). "It is important to emphasize that this inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau v. Haugen*, 543 U.S. 194, 198–99 (2004) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Thus,

> [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

*Id.* (citations omitted). So Lung must demonstrate that "no reasonable officer could have believed his actions were proper." *Brown*, 623 F.3d at 253 (holding that plaintiff has burden of rebutting qualified-immunity defense once defendant raises it).

To establish an excessive-force claim under the Fourth Amendment, Lung must show he "(1) suffered some injury which (2) resulted from force that was clearly excessive to the need for force; (3) the excessiveness of which was objectively unreasonable." *Heitschmidt v. City of Hous.*, 161 F.3d 834, 839 (5th Cir. 1998) (citing *Ikerd v. Blair*, 101 F.3d 430, 433–34 (5th Cir. 1996)). Excessive-force claims are necessarily fact-intensive; "whether an officer has used excessive force 'requires careful attention to the facts and circumstances of each particular case.'" *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989) (listing factors such as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight")).

Whether Thomas's use of force was excessive, and whether it violated clearly established law, turns on disputed facts. As noted, Lung says he was unarmed, making no effort to flee or resist, and had put his car in park when Thomas shot him. Lung Dep. [33-1] at 4. Thomas claims it was self-defense because Lung was accelerating toward him. He also urges the Court to reject Lung's uncorroborated testimony because Lung was high on crack when the stop occurred and cannot explain what exactly happened.

Under Rule 56, this Court must view the record in the light most favorable to Lung. *Baton Rouge Bldg. & Constr. Trades Council v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986). Significantly, it may "not make credibility determinations or weigh the evidence." *Reeves*, 539 U.S. at 150. To do so is reversible error. *See Tolan v. Cotton*, 572 U.S.

4

650, 656 (2014) (reversing summary judgment where court made credibility determination). That said, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding that district court should have rejected plaintiff's testimony because it conflicted with videotape surveillance footage). Lung's story is close to the line, but the evidence against it is not nearly as strong as the video in *Scott*. The Court is not willing to say that Lung's testimony is "blatantly contradicted by the record." *Id.*

Under these standards, the Court accepts Lung's testimony and assumes that Thomas shot an unarmed man sitting in a parked car. Thomas obviously disputes those facts, but he never confronts them as a legal question. Significantly, he never suggests that his actions would be objectively reasonable if he did what Lung said. The Court finds that qualified immunity cannot be determined on this record. *Heaney v. Roberts*, 846 F.3d 795, 802 (5th Cir. 2017), *reh'g denied* (Mar. 16, 2017). Summary judgment is therefore denied as to the individual-capacity claim against Thomas.

IV.     Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the outcome. For the reasons stated, Thomas's summary-judgment motion [30] is granted as to Lung's official-capacity claim but is otherwise denied due to questions of fact. The other motions for summary judgment [26] and [28] are granted as unopposed.[1] The

---

[1] The City of Jackson filed its second motion [26] to amend its initial motion [24]. The Court having granted the second motion [26] now considers the first motion [24] moot.

Court directs Lung and Thomas to contact Magistrate Judge John C. Gargiulo within 10 days of the entry of this Order to amend the case management order and lift the stay.

**SO ORDERED AND ADJUDGED** this the 12th day of April, 2019.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE